FILED

UNITED STATES DISTRICT COURT

APR 26 2005

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|   |   |
|---|---|
| IN RE NORTHWESTERN CORPORATION DERIVATIVE LITIGATION | * <br> * CIV 03-4091 <br> * <br> * MEMORANDUM OPINION <br> * AND ORDER <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court previously ordered that the pending Motion for Approval of Settlement, Doc. 50, would be held in abeyance until the Plaintiffs sought and obtained an Order from the Bankruptcy Court vacating its Order Preliminarily Enjoining Prosecution of Derivative Action. On February 15, 2005, the Honorable John L. Peterson, United States Bankruptcy Judge for the District of Delaware entered a Stipulation and Order Terminating the Preliminary Injunction and Automatic Stay in Connection with the Derivative Litigation, which was filed in this action as an attachment to the Declaration of Richard Huffman in Support of Final Approval of Settlement, Doc. 63. Thus, the Court will consider the Motion for Approval of Settlement. The Court will Order that the Stipulation of Settlement, Doc. 375, filed in the related case, *In re NorthWestern Corporation Securities Litigation*, CIV 03-4049 (D.S.D.) on June 24, 2004, be made a part of the record in this action by having the Clerk of Court file a copy of the Stipulation in this action.

The Court finds, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, that the settlement of this action as set forth in the Stipulation of Settlement is in all respects fair, reasonable and adequate, and is in the best interests of NorthWestern Corporation. The Stipulation of Settlement is approved by the Court and this action will be dismissed in accordance with the parties' settlement, with the exception of the award of attorney's fees for Derivative Counsel, which the Court will retain jurisdiction to consider. A final judgment will be entered approving the settlement of this action. Before ruling on the award of attorney's fees, the Court will require Derivative

Counsel to submit time records detailing the work performed and the amount of time spent working on this case. Although the Court will not be awarding attorney's fees based solely upon the time expended by Derivative Counsel, that is one of the factors the Court is to consider in determining whether the agreed upon fee is reasonable. *See Rosenbaum v. MacAllister*, 64 F.3d 1439, 1444 (10th Cir. 1995) (setting forth several factors that may be considered in valuing services of derivative counsel, including "the time fairly required to be spent on the case; the skill required and employed on the case with reference to the intricacy, novelty and complexity of issues; the difficulty encountered in unearthing the facts ...."). Derivative Counsel have not provided the Court with an estimate of the number of hours spent on this case. Rather, in the Declaration of Jeffrey P. Fink, it is stated that counsel spent "a significant amount of time investigating," and that they "obtained, organized and analyzed thousands of pages of Securities and Exchange Commission filings, media and analyst reports, and other documents related to Northwestern defendants, and plaintiffs' claims." (Doc. 52 at ¶¶ 4, 11.) In order to effectively consider the appropriate factors, the Court will need more detailed information from Derivative Counsel concerning the number of hours expended in this litigation. Accordingly,

IT IS ORDERED:

1. That the Clerk of Court shall file in this action a copy of the Stipulation of Settlement, Doc. 375, filed in *In re NorthWestern Corporation Securities Litigation*, CIV 03-4049 (D.S.D.).

2. That the Motion for Approval of Settlement, Doc. 50, is granted, except that the request for attorneys' fees for Derivative Counsel will be held in abeyance. The Court finds, pursuant to Fed.R.Civ.P. 23.1, that the settlement is fair, reasonable and adequate, and in the best interests of NorthWestern Corporation.

3. That the finality of the Judgment in this case will not be affected by the Court's retention of jurisdiction to determine the attorneys' fees and expenses in this case.

4. That, on or before May 9, 2005, Derivative Counsel shall file and serve their time records detailing the work performed and the amount of time spent working on this case.

Dated this 26th day of April, 2005

BY THE COURT:

*Lawrence Piersol*
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Suro*
(SEAL)   DEPUTY

3